Pérez, Demandante y Apelado, *v.* Compañía del Cable Francés, Demandada y Apelante.

[1] Apelación procedente de la Corte de Distrito de San Juan, Primer Distrito, en pleito sobre indemnización.

No. 2819.—Resuelto en abril 23, 1923.

Negligencia Inexcusable—Discreción Judicial.—En el presente caso la demandada, después de dictada sentencia, invocando el artículo 140 del Código de Enjuiciamiento Civil, solicitó permiso de la corte para presentar su prueba alegando que no asistió al juicio porque no fué notificada de los señalamientos según costumbre del secretario, y porque esperaba que fuera contestada la contrademanda, cosa que no sucedió, para pedir la inclusión del caso en el calendario. *Se resolvió:* que tales hechos no excusan de modo

---

[1] Véase resolución sobre reconsideración, página 793.

tal la negligencia de la demandada, que pueda concluirse que la corte abusó de su discreción al negar el permiso solicitado.

DAÑOS Y PERJUICIOS—PRUEBA DE LOS DAÑOS Y PERJUICIOS.—Analizada la prueba practicada, se concluyó que es suficiente para sostener una sentencia de $500 por daños y perjuicios.

Los hechos están expresados en la opinión.

Abogado de la apelante: *Sr. J. R. Quiñones.*

Abogado del apelado: *Sr. M. Tous Soto.*

EL JUEZ PRESIDENTE SR. DEL TORO, emitió la opinión del tribunal.

En marzo de 1920 Juan Pérez demandó a la Compañía del Cable Francés en reclamación de $813.45, por los siguientes conceptos: $313.45 valor de cierta carne de res y cerdo entregada por el demandante a un vapor de la demandada, y los $500 restantes por daños y perjuicios.

Contestó la demandada aceptando la entrega de la carne pero negando que lo fuera en buenas condiciones. Negó también los daños y perjuicios, y contrademandó reclamando a su vez $3,500 por que debido al conflicto surgido con motivo de la carne en cuestión su vapor demoró la salida y ello le ocasionó daños valorados en la suma indicada.

Se señaló en el calendario la vista del pleito para el 27 de septiembre de 1921. Se llamó por su orden y solo compareció el demandante. Se celebró el juicio y el caso quedó sometido para sentencia a la corte de distrito.

El 3 de octubre siguiente la demandada presentó una moción que, copiada a la letra, en lo pertinente, dice así:

"Que el día 27 de septiembre del corriente año, vióse en la Corte de Distrito de San Juan el caso arriba expresado, sin la asistencia de esta parte demandada.

"Que la parte demandada no asistió al acto del juicio por no tener noticia del señalamiento del caso.

"Alega la parte demandada en excusa de su negligencia que no fué notificada este mes de los señalamientos, según era costumbre de hacerlo el secretario de la corte.

"Alega además, la parte demandada, que no habiendo contestado la contrademanda el demandante, esperaba esta parte dicha

contestación, a los efectos de poder incluir en el Calendario este caso.

"Alega además la parte demandada que tiene una buena y justa defensa en el fondo, por lo cual, a la corte suplica, le de oportunidad de presentar su prueba, basándose en la sección ciento cuarenta del Código de Enjuiciamiento Civil, y en bien de la justicia."

El 18 de noviembre de 1921 la corte declaró la moción de la demandada sin lugar "por no venir en forma ni haber motivos que excusen su negligencia" y acto seguido dictó sentencia declarando la demanda con lugar.

Apeló la demandada y en su alegato se limita a señalar los siguientes errores cometidos, a su juicio, por la corte, 1, al condenarla sin prueba suficiente a pagar $500 por daños y perjuicios, y 2, al no darle oportunidad de presentar su prueba, infringiendo así el artículo 140 del Código de Enjuiciamiento Civil.

Con respecto al segundo de los errores señalados bastará decir que la moción de la parte demandada no está jurada y que aún aceptando como cierta las causas aducidas en la misma, no puede concluirse que excusen de modo tan justo y evidente la negligencia reconocida de la demandada, que pueda sostenerse que al no tomarlas en consideración, abusó de su poder discrecional la corte de distrito. Y solo en el caso de un verdadero abuso de discreción podría esta corte revocar la resolución de que se queja la apelante.

Tampoco se ha cometido el otro de los errores señalados. Parece que la propia demandada acepta la justicia del fallo en cuanto a la condena de $313.45, precio de la carne, ya que limita su impugnación a la condena por daños y perjuicios. La prueba demuestra que la carne, en efecto, fué entregada en buenas condiciones y demuestra además que el demandante es un industrial que se dedica al sacrificio de animales para vender su carne, sin capital propio. En este caso concreto los animales sacrificados pertenecían a otras personas a quienes el demandante debía entregar su precio en cuanto

la carne, vendida de contado, le fuera pagada. Cuando en el vapor de la demandada se negaron a aceptar y a pagar la carne, el demandante se vió obligado a llevar al vapor peritos que la examinaran. Tuvo que pagar luego al perito químico cuarenta dólares. No sabiendo que hacer, el demandante se vió obligado a recurrir a una persona entendida que lo guiara y usó los servicios del abogado Trujillo. Inútilmente reclamó el demandante. Quedó mal con sus proveedores. Tuvo que abandonarlo todo durante algún tiempo y para surtir de nuevo su puesto de venta de carnes buscando "arriba y abajo", como gráficamente declaró en el juicio, perdió "más de quinientos o seiscientos dólares." Siendo ese el resultado de la prueba, no puede sostenerse que sea insuficiente para sostener un fallo por daños y perjuicios fijados en quinientos dólares.

Parece conveniente hacer constar que la parte demandada y apelante no compareció a la vista del recurso. Se limitó a archivar el alegato que dejamos analizado.

Debe confirmarse la sentencia apelada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Asociados Wolf, Aldrey y Hutchison.

El Juez Asociado Sr. Franco Soto no tomó parte en la resolución de este caso.